An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY R. VAVZYCKI,
Appellant,
vs.
MARK D. KIMBALL, AS A MEMBER
OF THE PAHRUMP REGIONAL
PLANNING COMMISSION AND AS AN
INDIVIDUAL; CARRICK "BAT"
MASTERSON, AS A MEMBER OF THE
PAHRUMP REGIONAL PLANNING
COMMISSION AND AS AN
INDIVIDUAL; NORMA JEAN OPATIK,
AS A MEMBER OF THE PAHRUMP
REGIONAL PLANNING COMMISSION
AND AS AN INDIVIDUAL; NEVADA
TOLLADAY, AS A MEMBER OF THE
PAHRUMP REGIONAL PLANNING
COMMISSION AND AS AN
INDIVIDUAL; JACOB SKINNER, AS A
MEMBER OF THE PAHRUMP
REGIONAL PLANNING COMMISSION
AND AS AN INDIVIDUAL; DAN
SCHINHOFEN, AS A MEMBER OF
THE PAHRUMP REGIONAL
PLANNING COMMISSION AND AS AN
INDIVIDUAL; LAURAYNE MURRAY,
AS A MEMBER OF THE PAHRUMP
REGIONAL PLANNING COMMISSION
AND AS AN INDIVIDUAL; ANDREW
"BUTCH" BORASKY, AS A MEMBER
OF THE PAHRUMP REGIONAL
PLANNING COMMISSION, A
MEMBER OF THE NYE COUNTY
COMMISSIONERS AND AS AN
INDIVIDUAL; JONI EASTLEY, AS A
MEMBER OF THE PAHRUMP
REGIONAL PLANNING COMMISSION,

No. 58834

FILED

FEB 06 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

13-03854

A MEMBER OF THE NYE COUNTY
BOARD OF COMMISSIONERS AND AS
AN INDIVIDUAL; ROBERTA CARVER,
AS A MEMBER OF THE PAHRUMP
REGIONAL PLANNING COMMISSION,
A MEMBER OF THE NYE COUNTY
BOARD OF COMMISSIONERS AND AS
AN INDIVIDUAL; GARY HOLLIS, AS A
MEMBER OF THE PAHRUMP
REGIONAL PLANNING COMMISSION,
A MEMBER OF THE NYE COUNTY
BOARD OF COMMISSIONERS AND AS
AN INDIVIDUAL; AND PETER G.
LIAKOPOULOS, AS A MEMBER OF
THE NYE COUNTY BOARD OF
COMMISSIONERS AND AS AN
INDIVIDUAL,
Respondents.

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a property zoning dispute. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant Gary R. Vavzycki purchased several acres of real property in Pahrump, Nevada, with the intent to subdivide the property for residential use. Respondents, members of the Pahrump Regional Planning Commission and the Nye County Board of Commissioners (the Commission), subsequently rezoned the property in 2007. Unable to subdivide his property, Vavzycki hired an attorney and thereafter filed a complaint for inverse condemnation and injunctive relief against the Commission.

The Commission served Vavzycki with a formal request under NRCP 36[1] to admit certain facts involving the rezoning. Vavzycki did not respond to the request within the required 30 days. In addition, the court never considered allowing a longer time period and the parties never agreed in writing to an extension. Therefore, the items contained in the requests for admissions were deemed admitted by operation of NRCP 36(a). Smith v. Emery, 109 Nev. 737, 742-43, 856 P.2d 1386, 1390 (1993); Graham v. Carson-Tahoe Hospital, 91 Nev. 609, 610, 540 P.2d 105, 105-06 (1975). During this time, the attorney-client relationship between Vavzycki and his attorney digressed to the point where Vavzycki sought new counsel. While Vavzycki obtained new counsel and eventually responded to the request for admissions, he did not file a motion to withdraw or amend his admissions.

On motion by the Commission, the district court granted summary judgment predicated on Vavzycki's failure to timely answer the Commission's request for admissions. The district court concluded that

---

[1]NRCP 36(a) expressly declares that each matter of which an admission is requested "is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, or the parties may agree to in writing, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ." NRCP 36(b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Vavzycki could no longer maintain a cause of action because he admitted that he was aware that the zoning allowed for only one single-family home on the subject property when he purchased it and that he did not suffer damages as a consequence of the rezoning.[2] This appeal followed.

We consider on appeal whether the district court erred in granting summary judgment in favor of the Commission as a result of Vavzycki's failure to (1) respond to the request for admissions within 30 days, (2) submit a written extension of time upon by the parties, (3) move the court for an extension of time, and (4) file a motion to withdraw or amend his admissions.

Vavzycki argues that his failure to comply with NRCP 36 should be excused for good cause due to the breakdown in communication between him and his former attorney. We find this contention to be wholly without merit. We have held that admissions deemed admitted under these circumstances may properly serve as the basis for summary judgment against a party who failed to timely respond to the request for admissions. Wagner v. Carex Investigations & Sec., 93 Nev. 627, 631-32, 572 P.2d 921, 924 (1977); Lawrence v. Southwest Gas Corp., 89 Nev. 433, 433-34, 514 P.2d 868, 869 (1973). Based on Vavzycki's admissions, no genuine issues of fact remained, and, thus, we find no error in the district

---

[2]The parties are familiar with the facts and we do not recount them further except as is necessary for our disposition.

court's grant of summary judgment in respondents' favor. <u>Wood v. Safeway, Inc.</u>, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law).

Accordingly, we[3]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Robert W. Lane, District Judge
Kathleen M. Paustian, Settlement Judge
Law Offices of P. Sterling Kerr
Pitegoff Law Office
Nye County Clerk

---

[3]We do not consider Vavzycki's argument that the request for admissions sought improper information, as he raises this argument for the first time on appeal. <u>Schuck v. Signature Flight Support</u>, 126 Nev. ___, ___, 245 P.3d 542, 544 (2010) (discussing that an argument not raised below is considered waived and generally will not be addressed for the first time on appeal).